Bradley P. Boyer (SBN: 179430)
Saundra K. Wootton (SBN 224674)
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, California 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
E-Mail: bradley.boyer@kutakrock.com
E-Mail: saundra.wootton@kutakrock.com
Authorized E-Service: LAIntake@kutakrock.com

Attorneys for Defendant
PACHA SOAP CO.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALEY KEENE, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACHA SOAP CO.,<br><br>Defendant. | Case No. 3:26-cv-02520-JCS<br><br>Assigned to Magistrate Judge Joseph C. Spero<br>Courtroom D<br><br>**DEFENDANT PACHA SOAP CO.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

**INTRODUCTORY STATEMENT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Pacha Soap Co. ("Defendant" or "Pacha") hereby answers the Class Action Complaint ("Complaint") of Plaintiff Caley Keene ("Plaintiff"). Each numbered paragraph in this Answer responds to the allegations in the corresponding numbered paragraph of the Complaint. Except to the extent an allegation is expressly admitted, Defendant denies all allegations.

**ANSWER**

**NATURE OF THE ACTION**

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that its marketing or labeling of its personal care products is deceptive or misleading and denies the remaining allegations.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendant denies that it manufactures the Products. Defendant admits that it sold and distributed certain of the Products. Defendant affirmatively states that all of the Products were discontinued through normal retail outlets in the third quarter of 2025. The Hand Soap product that Plaintiff allegedly purchased is no longer in inventory and is no longer being manufactured. The only Products that Defendant has in remaining inventory are the Sea Salt Body Wash, Sea Salt Body Lotion, and Sea Salt Body Scrub. Any 2026 shipments of these three specific remaining Products have been nominal and for the purpose of running off existing inventory. Defendant denies the remaining allegations, including the characterization that its marketing and advertising campaign is focused on deceiving consumers.

3. In response to paragraph 3 of Plaintiff's Complaint, Defendant admits that its marketing efforts include information about the scent profile and qualities of its Products. Defendant affirmatively states that "Sea Salt," "Sweet Mint," and "Eucalyptus" reasonably describe the Products' scent profile rather than their composition, and the back-label ingredient list plainly discloses the actual ingredients. Defendant denies the remaining allegations.

4. In response to paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations, including the characterization of its marketing as "deceptive." Defendant affirmatively states that the terms "Sea Salt," "Sweet Mint," and "Eucalyptus" reasonably describe the Products' scent profile rather than their composition, the labels contain no affirmative representation that the Products contain these ingredients as compositional elements, and the back-label ingredient list plainly discloses the actual ingredients.

5. In response to paragraph 5 of Plaintiff's Complaint, Defendant states that to the extent this paragraph references the Products' labels, the labels speak for themselves and are the best evidence of their contents. Defendant affirmatively states that "Sea Salt," "Sweet Mint," and "Eucalyptus" are listed on the front of the Products and reasonably describe the Products' scent profile rather than their composition, and the labels contain no affirmative representation that the Products contain these ingredients as compositional elements. The back-label ingredient list plainly discloses the actual ingredients and dispels any purported consumer confusion. Defendant denies any allegations inconsistent with the actual labels and denies the remaining allegations.

6. In response to paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations in their entirety. Defendant affirmatively states that the Products' labels accurately describe the scent profile, and the back-label ingredient list plainly discloses the actual ingredients.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding consumers' purchasing decisions and beliefs and therefore denies the same. Defendant further denies any characterization of its labeling as constituting "misrepresentations."

8. In response to paragraph 8 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff or any class member is entitled to any of the relief described and denies the remaining allegations.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations, including that it has violated any consumer protection statute or has been unjustly enriched.

**JURISDICTION AND VENUE**

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant admits that certain of the Products have been sold in California but denies the remaining allegations.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**DIVISIONAL ASSIGNMENT**

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is

deemed necessary, Defendant denies the allegations.

**PARTIES**

14. In response to paragraph 14 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, purchases, reliance, and alleged injuries set forth in paragraph 14 and its subparts, and therefore denies the same. Defendant further denies that the Products were marketed as containing sea salt, mint, or eucalyptus as compositional ingredients; denies that it represented that the Products contained these ingredients; denies that Plaintiff paid any "price premium" attributable to any alleged misrepresentation; and denies that Defendant made any false or misleading claims. Defendant denies the remaining allegations.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendant admits that it is a corporation organized under the laws of Delaware with its principal place of business in Hastings, Nebraska.

a. Defendant admits that it marketed, and distributed certain of the Products in retail stores across the United States, including in the State of California. Defendant affirmatively states that all of the Products were discontinued through normal retail outlets in the third quarter of 2025. The Hand Soap product that Plaintiff allegedly purchased is no longer in inventory and is no longer being manufactured. The only Products that Defendant has in remaining inventory are the Sea Salt Body Wash, Sea Salt Body Lotion, and Sea Salt Body Scrub. Any 2026 shipments of these three specific remaining Products have been nominal and for the purpose of running off existing inventory. Defendant denies the remaining allegations and characterizations.

16. In response to paragraph 16 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

17. In response to paragraph 17 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

/ / /

## FACTS

### A. Defendant Makes, Markets, and Sells the Product to Consumers

18. In response to paragraph 18 of Plaintiff's Complaint, Defendant denies that it manufactures the Products. Defendant admits that it distributed, advertised, and sold certain of the Products. Defendant affirmatively states that all of the Products were discontinued through normal retail outlets in the third quarter of 2025. The Hand Soap product that Plaintiff allegedly purchased is no longer in inventory and is no longer being manufactured. The only Products that Defendant has in remaining inventory are the Sea Salt Body Wash, Sea Salt Body Lotion, and Sea Salt Body Scrub. Any 2026 shipments of these three specific remaining Products have been nominal and for the purpose of running off existing inventory. Defendant denies the remaining allegations.

19. In response to paragraph 19 of Plaintiff's Complaint, Defendant denies that it labels the Products. To the extent this paragraph references the Products' labels, the labels speak for themselves and are the best evidence of their contents. Defendant affirmatively states that "Sea Salt," "Sweet Mint," and "Eucalyptus" reasonably describe the Products' scent profile rather than their composition, and the labels contain no affirmative representation that the Products contain these ingredients as compositional elements. Defendant denies any allegations inconsistent with the actual labels and denies the characterization that the labels represent sea salt, mint, and eucalyptus as "primary ingredients." Defendant denies the remaining allegations.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant states that to the extent this paragraph depicts the Products' labels, the labels speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the actual labels.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendant states that to the extent this paragraph describes the Products' labels, the labels speak for themselves. Defendant denies any remaining characterizations. Defendant denies the remaining allegations.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant denies the allegations. Defendant affirmatively states that "Sea Salt," "Sweet Mint," and "Eucalyptus" reasonably describe the Products' scent profile rather than their composition.

/ / /

23. In response to paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations, including the characterization of its labels as "perpetuat[ing] the false notion" of anything. Defendant affirmatively states that the label terms describe the Products' scent profile, not their composition, and the back-label ingredient list plainly discloses the actual ingredients.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations.

25. In response to paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations. To the extent this paragraph references online marketing materials, those materials speak for themselves.

26. In response to paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations.

**B. <u>The Products Do Not Contain Any of the Ingredients</u>**

27. In response to paragraph 27 of Plaintiff's Complaint, Defendant admits that the Products do not contain sea salt.

28. In response to paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations. Defendant affirmatively states that the Products' fragrance contains Mentha Arvensis (Cornmint) Oil.

29. In response to paragraph 29 of Plaintiff's Complaint, Defendant denies the allegations. Defendant affirmatively states that the Products' fragrance contains Eucalyptus Globulus Leaf Oil.

30. In response to paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations. Defendant specifically denies that the Products contain only synthetic ingredients. Defendant affirmatively states that the Products' fragrance includes eucalyptus oil (Eucalyptus Globulus Leaf Oil) and mint oil (Mentha Arvensis Oil). Defendant denies the remaining allegations and characterizations.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding competitors' labeling practices and therefore denies the same. Defendant denies any remaining characterizations.

**C. Reasonable Consumers Relied on Defendant's Misrepresentations**

32. In response to paragraph 32 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding general consumer preferences and therefore denies the same.

33. In response to paragraph 33 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding consumer demand and beliefs and therefore denies the same.

34. In response to paragraph 34 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

35. In response to paragraph 35 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported benefits of sea salt and therefore denies the same.

36. In response to paragraph 36 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported benefits of eucalyptus and therefore denies the same.

37. In response to paragraph 37 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported benefits of mint and therefore denies the same.

38. In response to paragraph 38 of Plaintiff's Complaint, Defendant denies the allegations.

39. In response to paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations, including the allegation that its alleged representations are "material" or would induce a reasonable person to act. Defendant further denies that any of Defendant's alleged representations or omissions were deceptive.

40. In response to paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations.

/ / /

41. In response to paragraph 41 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that reasonable consumers are or would be misled by its labeling. Defendant further denies that any of its alleged conduct was illegal or deceptive.

42. In response to paragraph 42 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that reasonable consumers are or would be misled by its labeling. Defendant further denies that it made any false, misleading, or deceptive misrepresentations or omissions.

**D. <u>Defendant's Deceptive Conduct Caused Plaintiff's and Class Members' Injuries</u>**

43. In response to paragraph 43 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant specifically denies that it made any false, misleading, or deceptive representations or omissions, and denies that it knew or intended that consumers would pay a premium based on any alleged misrepresentations.

44. In response to paragraph 44 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and each of its subparts. Defendant specifically denies that it made any false, misleading, or deceptive representations that caused any injury to Plaintiff or the Class Members.

45. In response to paragraph 45 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant specifically denies that it misrepresented the contents of the Products.

46. In response to paragraph 46 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant specifically denies that

it made any misleading or deceptive representations or charged a premium based on any alleged misrepresentations.

47. In response to paragraph 47 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant specifically denies that it made any alleged misrepresentations or omissions that caused any injury to Plaintiff or the Class Members.

48. In response to paragraph 48 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant specifically denies that it intended to deceive Plaintiff or putative Class Members.

49. In response to paragraph 49 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

50. In response to paragraph 50 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant specifically denies that Plaintiff or the Class Members paid a premium based on any alleged misrepresentations.

## CLASS DEFINITIONS AND ALLEGATIONS

51. In response to paragraph 51 of Plaintiff's Complaint, Defendant admits only that this paragraph purports to describe Plaintiff's proposed class definition. Defendant denies that any claims alleged by Plaintiff may be maintained individually or on behalf of any class and denies any remaining allegations in this paragraph.

52. In response to paragraph 52 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of proposed class members and on that basis denies said allegations. Defendant further denies that any claims alleged by Plaintiff may be maintained on behalf of any class.

/ / /

53. In response to paragraph 53 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations and denies that common questions of law or fact predominate over individualized issues.

54. In response to paragraph 54 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

55. In response to paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations, including that Plaintiff's claims are typical of those of other Class Members. Defendant further denies that the proposed class can be properly certified.

56. In response to paragraph 56 of Plaintiff's Complaint, Defendant denies that Plaintiff will fairly and adequately protect the interests of the proposed class. Defendant presently lacks information sufficient to admit or deny the remaining allegations of paragraph 56 and on that basis denies said allegations.

57. In response to paragraph 57 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations, and further denies that a class action is a superior method of adjudicating the claims asserted and denies that the proposed class can be properly certified.

58. In response to paragraph 58 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

59. In response to paragraph 59 of Plaintiff's Complaint, Defendant states that the allegations are argument and/or state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

/ / /

/ / /

/ / /

**COUNT I — VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (UCL)**

**California Business & Professions Code § 17200, et seq.**

60. In response to paragraph 60 of Plaintiff's Complaint, Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

61. In response to paragraph 61 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

62. In response to paragraph 62 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

63. In response to paragraph 63 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

64. In response to paragraph 64 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

65. In response to paragraph 65 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

66. In response to paragraph 66 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

67. In response to paragraph 67 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

68. In response to paragraph 68 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

69. In response to paragraph 69 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

**COUNT II — VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW (FAL)**

**California Business & Professions Code § 17500, et seq.**

70. In response to paragraph 70 of Plaintiff's Complaint, Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

71. In response to paragraph 71 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

72. In response to paragraph 72 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

73. In response to paragraph 73 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

74. In response to paragraph 74 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

75. In response to paragraph 75 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

76. In response to paragraph 76 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

77. In response to paragraph 77 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

78. In response to paragraph 78 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

79. In response to paragraph 79 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

80. In response to paragraph 80 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

## COUNT III — VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT (CLRA)

**California Civil Code § 1750, et seq.**

81. In response to paragraph 81 of Plaintiff's Complaint, Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

82. In response to paragraph 82 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

83. In response to paragraph 83 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

84. In response to paragraph 84 of Plaintiff's Complaint, Defendant admits that the Products are goods within the meaning of California Civil Code § 1750, et seq. Defendant denies the remaining allegations of paragraph 84.

85. In response to paragraph 85 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

86. In response to paragraph 86 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is

deemed necessary, Defendant denies all remaining allegations.

87. In response to paragraph 87 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

88. In response to paragraph 88 of Plaintiff's Complaint, Defendant denies the allegations and each of its subparts. Defendant affirmatively states that the statutory provisions cited in California Civil Code §§ 1770(a)(2), (a)(5), (a)(7), and (a)(9) speak for themselves in terms of their statutory language and denies any allegations that Defendant has violated any of these provisions.

89. In response to paragraph 89 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

90. In response to paragraph 90 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

91. In response to paragraph 91 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

92. In response to paragraph 92 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

**COUNT IV — UNJUST ENRICHMENT**

93. In response to paragraph 93 of Plaintiff's Complaint, Defendant repeats and realleges its responses to the preceding paragraphs as if fully set forth herein.

94. In response to paragraph 94 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

/ / /

95. In response to paragraph 95 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

96. In response to paragraph 96 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

97. In response to paragraph 97 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations.

98. In response to paragraph 98 of Plaintiff's Complaint, Defendant states that the allegations state legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies all remaining allegations. Defendant further asserts that California does not recognize unjust enrichment as an independent cause of action.

**RESPONSE TO PRAYER FOR RELIEF**

The Prayer for Relief does not contain factual allegations to which a response is required. To the extent a response is deemed necessary, Defendant denies the allegations in the Prayer for Relief. Defendant specifically denies that Plaintiff or any class member is entitled to any of the relief sought in Plaintiff's Prayer for Relief, including but not limited to class certification, compensatory damages, statutory damages, restitution, disgorgement, injunctive relief, corrective advertising, punitive damages, prejudgment and postjudgment interest, attorneys' fees, costs, or any other form of relief. Defendant affirmatively states that all of the Products were discontinued through normal retail outlets in the third quarter of 2025. The Hand Soap product that Plaintiff allegedly purchased is no longer in inventory and is no longer being manufactured. The only Products that Defendant has in remaining inventory are the Sea Salt Body Wash, Sea Salt Body Lotion, and Sea Salt Body Scrub. Any 2026 shipments of these three specific remaining Products have been nominal and for the purpose of running off existing inventory. Given the discontinued status of the product line and limited remaining inventory, Plaintiff's claims for injunctive relief are moot.

**RESPONSE TO PLAINTIFF'S JURY DEMAND**

No response to Plaintiff's jury demand is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to trial by jury on her equitable claims.

**SEPARATE AND AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters where that burden rests on Plaintiff, Defendant asserts the following affirmative defenses to the Complaint. Use of the term "Plaintiff" in these defenses refers to the named Plaintiff as well as any member of the putative class alleged in the Complaint. By alleging the defenses below, Defendant is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and each purported cause of action asserted therein fails to state facts sufficient to constitute a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Article III Standing)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff and/or the putative class members lack standing to sue under Article III of the United States Constitution. Plaintiff has not suffered an actual harm or injury-in-fact because she received and, on information and belief, used the Hand Soap she allegedly purchased, which is a fully functional personal care product.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing for Injunctive Relief)**

Plaintiff lacks standing to seek injunctive relief because she does not plausibly allege a real and imminent risk of future harm. Having been made aware of the alleged labeling issues, Plaintiff cannot demonstrate that she faces a threat of repeated injury in the future. Defendant affirmatively states that all of the Products were discontinued through normal retail outlets in the third quarter of 2025. The Hand Soap product that Plaintiff allegedly purchased is no longer in inventory and is no longer being manufactured. The only Products that Defendant has in remaining inventory are the

Sea Salt Body Wash, Sea Salt Body Lotion, and Sea Salt Body Scrub. Any 2026 shipments of these three specific remaining Products have been nominal and for the purpose of running off existing inventory.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Statutory Standing)**

Plaintiff and the putative class members have not sustained the required injury-in-fact and/or lost the requisite money or property necessary to confer standing pursuant to California Business & Professions Code §§ 17200, et seq. and 17500, et seq., and California Civil Code § 1780(a).

**FIFTH AFFIRMATIVE DEFENSE**

**(Truth of Representations)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because any statements, communications, labeling, or advertising made by Defendant regarding Defendant's products were truthful and not false, deceptive, or misleading. The terms “Sea Salt,” “Sweet Mint,” and “Eucalyptus” reasonably describe the Products’ scent profile rather than their composition, and the labels contain no affirmative representation that the Products contain these ingredients as compositional elements. The back-label ingredient list plainly discloses the actual ingredients and dispels any purported consumer confusion.

**SIXTH AFFIRMATIVE DEFENSE**

**(Reasonable Consumer Standard Not Satisfied)**

Plaintiff fails to plead, and cannot prove, facts establishing that a significant portion of reasonable consumers would be deceived by Defendant's product labeling when the labels are considered as a whole, including all available information on the Products' packaging. A reasonable consumer would understand that “Sea Salt,” “Sweet Mint,” and “Eucalyptus” describe the Products’ scent profile, particularly when the back-label ingredient list plainly discloses the actual ingredients.

/ / /

/ / /



KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

**SEVENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Unfair, Fraudulent, Deceptive, or Misleading)**

Defendant's business practices and advertising are not unfair, fraudulent, deceptive, untrue, or misleading within the meaning of California Business & Professions Code §§ 17200, et seq. and 17500, et seq., or California Civil Code § 1770.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Conduct Not Knowingly Untrue or Misleading)**

The matters challenged by the Complaint were neither known to Defendant to be, nor in the exercise of reasonable care should have been known to Defendant to be, untrue or misleading.

**NINTH AFFIRMATIVE DEFENSE**

**(CLRA Pre-Suit Notice)**

Plaintiff's claim for damages under the Consumers Legal Remedies Act is barred, in whole or in part, by Plaintiff's failure to comply with the thirty (30) day pre-suit notice requirement necessary to pursue monetary damages under California Civil Code § 1782(a).

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The relief sought by Plaintiff is barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Civil Code § 1783, California Business & Professions Code § 17208, and California Code of Civil Procedure §§ 337, 338, and 339.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims and those of the putative class are barred, in whole or in part, by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel and Unclean Hands)**

The Complaint and each purported cause of action therein are barred, in whole or in part, under the doctrines of estoppel and unclean hands. On information and belief, Plaintiff allegedly purchased the Hand Soap (which lists its ingredients on the back label), failed to seek a refund, and

used the Product before asserting any claims against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

On information and belief, Plaintiff failed to seek a refund and used the Hand Soap she allegedly purchased before asserting any claims against Defendant. Plaintiff therefore waived any and all claims against Defendant with respect to the transactions alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent and Acceptance)**

On information and belief, Plaintiff accepted and used the Hand Soap she allegedly purchased and did not seek a refund before asserting any claims against Defendant. Plaintiff's claims are therefore barred by the doctrines of consent and acceptance.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Although Defendant denies that Plaintiff has been damaged in any amount or at all, by her own conduct, Plaintiff failed to take reasonable measures to mitigate her alleged damages with respect to the Hand Soap she allegedly purchased, including by failing to seek a refund.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

Any alleged injury was not proximately caused by any conduct, omission, or inaction of Defendant, or was not foreseeable, or both.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Injury or Damage)**

Defendant denies that Plaintiff, any member of the putative class, and/or any member of the general public has experienced any injury or damage whatsoever, and further denies that Defendant is liable to any such persons for any injury or damage claimed.

/ / /

/ / /

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Reliance)**

Plaintiff's claims and those of the putative class are barred, in whole or in part, because Plaintiff and/or the putative class members did not actually or reasonably rely on the alleged statements, omissions, or conduct of Defendant. With respect to Plaintiff individually, she did not reasonably rely on the labeling of the Hand Soap she allegedly purchased as representing that the Product contained sea salt, mint, or eucalyptus as compositional ingredients.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff and/or the putative class members cannot prove that they lack an adequate remedy at law, and thus are not entitled to equitable restitution or other equitable relief under the UCL, FAL, or CLRA.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment Is Not a Cognizable Cause of Action)**

California does not recognize unjust enrichment as an independent cause of action. To the extent the claim is construed as a quasi-contract claim, it fails because Plaintiff has not alleged the absence of an enforceable contract or an inadequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

As a separate and additional defense, even assuming a violation occurred (which Defendant denies), it was the result of a bona fide error notwithstanding Defendant's use of reasonable procedures adopted to avoid any such error, and any such claim is and/or would be barred by the provisions of California Civil Code § 1784.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonableness)**

The Products' ingredient lists and labeling contained (and continue to contain) robust and accurate information about the Products. At all times, Defendant acted reasonably and in good faith to present complete and truthful information to consumers, which was available to Plaintiff and the

putative class at the time of their purchases. The terms “Sea Salt,” “Sweet Mint,” and “Eucalyptus” reasonably describe the Products’ scent profile, and the back-label ingredient list plainly disclosed the actual ingredients.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff's claims and those of the putative class are barred, in whole or in part, by the comparative fault or contributory negligence of Plaintiff and/or the putative class members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Damages Caused by Third Parties)**

To the extent that Plaintiff and/or the putative class experienced injury or damage (which Defendant denies), such injury or damage was caused by the actions or conduct of others, not of Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Speculative or Uncertain Damages)**

Plaintiff and/or the putative class members cannot prove money damages with any degree of certainty sufficient to permit recovery.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Voluntary Purchase and Ratification)**

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff and/or members of the putative class voluntarily purchased or continued to purchase the Products with full knowledge of the facts, including access to the complete ingredient list. With respect to Plaintiff individually, she voluntarily purchased the Hand Soap with the back-label ingredient list available for her review.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Commercial Speech Protection)**

Plaintiff's claims and those of the putative class are barred, in whole or in part, because the commercial speech of Defendant was not misleading and is protected under the First Amendment of the United States Constitution and the California Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff may not obtain punitive damages because Defendant did not act with the requisite intent, malice, oppression, or fraud.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Improper Class Action — Failure to Satisfy Rule 23)**

This action is not properly maintainable as a class action because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23, including but not limited to the requirements of typicality, commonality, predominance, adequacy of representation, superiority, and manageability.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Lack of Ascertainability and Numerosity)**

The class allegations are improper because there is no ascertainable, numerous class of persons damaged by the misconduct alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Commonality and Predominance)**

The class allegations are improper because common questions of law and/or fact do not predominate over individualized issues, and a class action is not a superior means of adjudicating the claims asserted.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Typicality and Adequacy)**

The class allegations are improper because Plaintiff's claims are not typical of the claims of the purported class members, and Plaintiff cannot adequately represent the purported class.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Due Process)**

The class allegations in connection with the remedies sought in the Complaint are not amenable to class adjudication without depriving Defendant of its procedural and substantive due process rights to adjudicate individual defenses and to otherwise challenge the imposition of

damages that are wholly disproportionate, unreasonable, and/or potentially ruinous.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment to Plaintiff)**

Plaintiff's claims and those of the putative class are barred, in whole or in part, because granting Plaintiff and the putative class the relief they seek would constitute unjust enrichment to them and would unjustly impose loss upon Defendant.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Mootness)**

Plaintiff's claims for injunctive relief are moot. Defendant affirmatively states that all of the Products were discontinued through normal retail outlets in the third quarter of 2025. The Hand Soap product that Plaintiff allegedly purchased is no longer in inventory and is no longer being manufactured. The only Products that Defendant has in remaining inventory are the Sea Salt Body Wash, Sea Salt Body Lotion, and Sea Salt Body Scrub. Any 2026 shipments of these three specific remaining Products have been nominal and for the purpose of running off existing inventory. There is no ongoing conduct to enjoin.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Scent Profile Labeling)**

Plaintiff's claims are barred, in whole or in part, because the terms "Sea Salt," "Sweet Mint," and "Eucalyptus" on the Products' labels reasonably describe the Products' scent profile rather than their composition. The labels contain no affirmative representation that the Products contain these ingredients as compositional elements. The back-label ingredient list plainly discloses the actual ingredients and dispels any purported consumer confusion. No reasonable consumer would be misled by accurate scent profile descriptions when full ingredient disclosures are provided.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Acquired Product / Third-Party Manufacturer)**

The Products at issue were acquired by Defendant as part of its acquisition of the Hand in Hand brand and existing inventory. The Products were manufactured and labeled by a third-party

manufacturer. Defendant did not formulate or develop the labeling for these Products. To the extent Plaintiff and the putative class allege that Defendant knowingly or intentionally created misleading labels, Defendant's role was limited to distribution of acquired inventory, and any alleged labeling decisions were made by the prior manufacturer. Any claims premised on Defendant's knowledge, intent, or scienter in formulating or designing the Product labels are barred or limited accordingly.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Standing for Unpurchased Products)**

Plaintiff lacks both Article III standing and statutory standing to assert claims regarding Products she did not purchase. Plaintiff alleges only that she purchased the Hand Soap. Plaintiff has no standing to assert claims on behalf of herself or others with respect to the Sea Salt Body Wash, Sea Salt Body Lotion, Sea Salt Bar Soap, Sea Salt Shampoo, Sea Salt Conditioner, Sea Salt Body Scrub, or Sea Salt Scalp Scrub, or any other Products she did not purchase. A party who purchases one product is not injured by the alleged false advertising of a different product, regardless of product or advertising similarity, and a court may not enlarge the scope of standing to allow a party to sue for another's injury.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

Defendant reserves the right to assert additional affirmative defenses, and to amend its Answer accordingly, as they may become known through the course of discovery or further investigation. Additionally, Defendant may have additional unique affirmative defenses applicable to different putative class members and reserves the right to assert such additional defenses as the need arises.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Defendant Pacha Soap Co. prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. That judgment be rendered in favor of Defendant, and against Plaintiff, on all claims alleged in the Complaint;

3. That the Complaint be dismissed with prejudice;

4. That no class be certified;

5. That Defendant be awarded its reasonable attorneys' fees and costs of suit, to the extent permitted by law; and

6. That the Court award Defendant such other and further relief as it deems just and proper.

Date: July 8, 2026

KUTAK ROCK LLP

By: /s/ *Bradley P. Boyer*
Bradley P. Boyer
Saundra K. Wootton
Attorneys for Defendant
PACHA SOAP CO.

**DEMAND FOR JURY TRIAL**

Defendant Pacha Soap Co. hereby demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, on all issues so triable.

Date: July 8, 2026

KUTAK ROCK LLP

By: /s/ *Bradley P. Boyer*
Bradley P. Boyer
Saundra K. Wootton
Attorneys for Defendant PACHA SOAP CO.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, I caused to be electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Date: July 8, 2026

KUTAK ROCK LLP

By: /s/ *Bradley P. Boyer*
Bradley P. Boyer
Saundra K. Wootton
Attorneys for Defendant
PACHA SOAP CO.